JOSEPHINE E. SALMON (AZ Bar #020630)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
kshelton@piteduncan.com

Attorneys for GMAC MORTGAGE, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA - TUCSON DIVISION

| | |
|---|---|
| In re<br><br>LAWRENCE M DURGIN, JR. AND MELODY K DURGIN,<br><br>　　　　Debtor(s). | Case No. 4:11-BK-01876-EWH<br><br>Chapter 13<br><br>STIPULATION RE: AVOIDANCE OF LIEN |

This Stipulation is entered into by and between Lawrence M Durgin, Jr. And Melody K Durgin (hereinafter referred to as "Debtors"), by and through their attorney of record, Jerry Stephen Smith; and GMAC Mortgage, LLC (hereinafter referred to as "Creditor"), by and through its attorney of record Pite Duncan, LLP.

### RECITALS

A.　　Debtors are the makers of a Note in favor of New World Financial, LLC DBA Home Loan Executives, An Arizona LLC (hereinafter "Lender") dated May 15, 2007, in the original principal amount of $64,452.00 ("Note"), which is secured by a Second Deed of Trust encumbering the real property at 9024 South Placita Rancho De La Vista, Vail, Arizona 85641 (the "Subject Property"). The Subject Property is more fully described in the Deed of Trust attached hereto as exhibit "A", which is incorporated herein by this reference. The Note and Second Deed of Trust are collectively referred to hereinafter as the "Subject Loan."

B.　　Subsequently, Lender's beneficial interest in the Note and Deed of Trust was sold, assigned and transferred to Creditor.

///

- 1 -

C. On or about January 24, 2011, Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona - Tucson Division, and were assigned Case No. 4:11-bk-01876-EWH.

D. On or about January 24, 2011, Debtors filed a Chapter 13 Plan praying that the court find Creditor's Second Deed of Trust encumbering the Subject Property be avoided and that its claim be paid as an unsecured.

**FOR PURPOSES OF THE DEBTORS CHAPTER 13 PLAN ONLY THE PARTIES HEREBY STIPULATE AND AGREE TO AN ORDER AS FOLLOWS:**

1. Creditor's claim shall be allowed as a non-priority general unsecured claim;

2. The avoidance of Creditor's Second Deed of Trust is contingent upon the Debtors' completion of their Chapter 13 plan and the Debtors' receipt of a Chapter 13 discharge;

3. Upon receipt of the Debtors' Chapter 13 discharge and completion of their Chapter 13 Plan, this Judgment may be recorded by the Debtors with the Pima County Recorder's Office;

4. Creditor shall retain its lien for the full amount due under the Subject Loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code;

5. In the event that the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Creditor's Second Deed of Trust prior to the Debtors' completion of their Chapter 13 Plan and receipt of a Chapter 13 discharge, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the sale; and

6. Each party shall bear their own attorneys' fees and costs incurred in the present stipulation in bankruptcy case number 4:11-bk-01876-EWH.

/././
/././
/././
/././
/././

```
 1 │ IT IS SO STIPULATED:
 2 │ Dated:  5-6-11              By: _____
 3 │                                 JERRY STEPHEN SMITH
   │                                 Attorney for Debtors
 4 │                             PITE DUNCAN, LLP
 5 │
   │ Dated: 5/23/11              By: /S/ Josephine E. Salmon
 6 │                                 JOSEPHINE E. SALMON
   │                                 Attorney for Creditor
 7 │
 8 │
 9 │
10 │
11 │
12 │
13 │
14 │
15 │
16 │
17 │
18 │
19 │
20 │
21 │
22 │
23 │
24 │
25 │
26 │
27 │
28 │
```

- 3 -

```
          F. ANN RODRIGUEZ, RECORDER         DOCKET:        13060
          RECORDED BY: HEM                    PAGE:          1464
                  DEPUTY RECORDER             NO. OF PAGES:     7
                  2057       ES4             SEQUENCE:  20070990370
          TFNTI                                         05/22/2007
          FIRST MAGNUS FINANCIAL CORP        DOT             14:33
          603 N WILMOT
          TUCSON AZ 85711
                                             MAIL
                                             AMOUNT PAID  $   12.00
```

Recording Requested By:
FIRST MAGNUS FINANCIAL CORPORATION

Return To:
FIRST MAGNUS FINANCIAL CORPORATION

603 N. WILMOT
TUCSON, AZ 85711

RECEIVED
JUN 2 2007

LOAN NO.:
ESCROW NO.: 80031816TB

**DEED OF TRUST**

MIN 100039220882444562
MERS Phone: 1-888-679-6377

THIS DEED OF TRUST is made this         17th         day of         MAY, 2007                ,
among the Trustor,
LARRY M. DURGIN, JR. AND MELODY K. DURGIN, HUSBAND AND WIFE

(herein "Borrower"),
FIDELITY NATIONAL TITLE
7756 EAST BROADWAY, SUITE A-200, TUCSON, AZ 85710
                                                      (herein "Trustee"), and the Beneficiary,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
NEW WORLD FINANCIAL, LLC DBA HOME LOAN EXECUTIVES, AN ARIZONA LLC

, ("Lender")
is organized and existing under the laws of    ARIZONA                             , and has an address of
3116 N SWAN RD, TUCSON, AZ 85712
    BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of
                                            PIMA                            , State of Arizona:
LOT 18 OF RANCHO LOMA ALTA ACCORDING TO THE MAP RECORDED IN BOOK 58 OF MAPS, PAGE 90, RECORDS OF PIMA COUNTY, ARIZONA.

SEE "PLANNED UNIT DEVELOPMENT RIDER" ATTACHED HERETO AND MADE A PART HEREOF.

PARCEL NO.: 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 2
which has the address of             9024 SOUTH PLACITA RANCHO DE LA VISTA              [Street]
              VAIL          [City], Arizona      85641       [ZIP Code] (herein "Property Address");
    TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Deed of Trust.
    TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated
         MAY 17, 2007               and extensions and renewals thereof (herein "Note"), in the principal sum of
U.S. $      64,452.00         , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on           JUNE 01, 2032                  ;

Initials:

| ARIZONA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS | Form 3803 Amended 6/02 |
| VMP-76N(AZ) (0307)       Page 1 of 4       LENDER SUPPORT SYSTEMS INC. 2ND76NAZ.NEW (09/05) |

EXHIBIT A

the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

Initials: _____

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall record a notice of sale in each county in which the Property or some part thereof is located and shall mail copies of such notice in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. After the lapse of such time as may be required by applicable law and after publication and posting of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place designated in the notice of sale. Trustee may postpone sale of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto, or to the county treasurer of the county in which the sale took place.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) sale of the Property pursuant to the power of sale contained in this

Initials: _MLM_

Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Substitute Trustee.** Lender may, for any reason or cause, from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

22. **Time of Essence.** Time is of the essence of each covenant of this Deed of Trust.

23. **Mailing Addresses.** Borrower's mailing address is the Property Address. Trustee's mailing address is 7756 EAST BROADWAY, SUITE A-200, TUCSON, AZ 85710

## REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____ -Witness

_____ -Witness

_____ (Seal)   _____ (Seal)
LARRY M. DURGIN Jr.    -Borrower   MELODY K. DURGIN          -Borrower

_____ (Seal)   _____ (Seal)
                       -Borrower                             -Borrower

_____ (Seal)   _____ (Seal)
                       -Borrower                             -Borrower

_____ (Seal)   _____ (Seal)
                       -Borrower                             -Borrower

(Sign Original Only)

STATE OF  ARIZONA               ,  Pima                  County ss:
    The foregoing instrument was acknowledged before me this May 18, 2007                         by LARRY M. DURGIN Jr., MELODY K. DURGIN

My Commission Expires:

OFFICIAL SEAL
TINA BANKS
NOTARY PUBLIC - STATE OF ARIZONA
PIMA COUNTY
My Comm. Expires Sept. 01, 2009

_____
Notary Public



# PLANNED UNIT DEVELOPMENT RIDER

LOAN NO.:  
MIN: 100039220882444562  
MERS Phone: 1-888-679-6377

THIS PLANNED UNIT DEVELOPMENT RIDER is made this 17th day of MAY, 2007 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to
NEW WORLD FINANCIAL, LLC DBA HOME LOAN EXECUTIVES, AN ARIZONA LLC

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:
9024 SOUTH PLACITA RANCHO DE LA VISTA, VAIL, AZ  85641
[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in

COVENANTS, CONDITIONS AND RESTRICTIONS.

(the "Declaration"). The Property is a part of a planned unit development known as
RANCHO LOMA ALTA
[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.
   PUD COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:
   A. PUD Obligations. Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the: (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

Initials: _MWP_

MULTISTATE PUD RIDER - Single Family/Second Mortgage  3/99
V-207R (0411)            Page 1 of 3        LENDER SUPPORT SYSTEMS INC. 207R.NEW (03/05)



**B. Hazard Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Uniform Covenant 2 for the monthly payment to Lender of the yearly premium installments for hazard insurance on the Property; and (ii) Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 9.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

Initials: _MLV_

V-207R (0411)                Page 2 of 3                3/99

F. **Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

_____(Seal)    _Melody K Durgin_____(Seal)
LARRY M. DURGIN Jr.        -Borrower     MELODY K. DURGIN        -Borrower

_____(Seal)    _____(Seal)
                           -Borrower                             -Borrower

_____(Seal)    _____(Seal)
                           -Borrower                             -Borrower

_____(Seal)    _____(Seal)
                           -Borrower                             -Borrower

V-207R (0411)              Page 3 of 3                           3/99